UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION (SIOUX FALLS)

_____

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

WILLIAM ROBERT JOSEPH REED,
Defendant.

_____

Case No. 08-cr-40010

DEFENDANT'S 1st-MOTION IN LIMINE: "CHAT EVIDENCE"

    NOW COMES the Defendant, William Reed, through counsel, and respectfully moves this Honorable Court, in advance of their admission all purported chat transcripts, e-mails or other electronic communication, pursuant to the Federal Rules of Evidence that the Government be held to the standards defined in the Federal Rules of Evidence.

    The Government has produced chat transcripts through discovery, purportedly involving this Defendant and third parties, which it may seek to introduce at trial. Therefore, the Court should be aware of the following issues relating to electronic communications:

1. *Authentication*: Any chat transcript offered as evidence must be authenticated as a condition precedent to admissibility, FRE 901(a). The offering party must present "evidence sufficient to support a finding that the matter in question is what its proponent claims." FRE 901(a). That

USA. v. Reed 08-cr-40010
Defendant's 1st Motion in Limine
"CHAT EVIDENCE"
1

requirement may generally be met through the presentation of chain of custody evidence, distinctive characteristics per 901(b)(4), or testimony by a witness with knowledge per FRE 901(B)(1).

Any general testimony offered to authenticate the chat transcripts will necessarily rely on statements, which could constitute inadmissible hearsay. FRE 802. The Government, therefore, should not be permitted to offer general testimony based on hearsay for the purpose of authentication.

Moreover, "chain of custody" evidence must meet the authentication requirement. Generally, the proponent of the evidence must satisfy the judge "that in reasonable probability the evidence has not been altered in any material respect." *U.S. Aviles*, 623 F.2d 1192, 1198 (7th Cir. 1980); *U.S. Collado*, 957 F.2d 38, 39, 35 Fed. R. Evid. Serv. 69 (1st Cir. 1992). In determining whether any alterations have occurred, the court should consider "the circumstances surrounding the preservation and custody of [the evidence] and the likelihood of intermeddlers tampering with it." *Gallego v. U.S.*, 276 F.2d 914, 917 (9th Cir. 1960).

Similarly, the Government should not be permitted to authenticate these electronic communications through the presentation of "process or system" evidence pursuant to FRE 901(9). In this case, any evidence offered to show the reliability of data stored on or retrieved from a hard drive will be

USA. v. Reed 08-cr-40010
Defendant's 1st Motion in Limine
"CHAT EVIDENCE"
2

meaningless in light of several other individuals having had numerous opportunities to alter contents of the hard drive.

2. *Hearsay*: An electronic communication containing hearsay may not be introduced as evidence to prove the truth of its contents, FRE 801(c), unless the party offering the electronic communication that it is admissible under an exception to the hearsay rule FRE 802.

> a. The "business records" exception to the hearsay rule allows the introduction of documentation so long as it is "kept in the course of a regularly conducted business activity," and it is the "the regular practice of that business activity to make [such documentation." FRE 803(6). :[I]n order for a[n] [chat transcript] to be admitted as a business record, there must be some evidence of a business duty to make and regularly maintain records of this type." *U.S. v. Ferber*, 966 F. Supp. 90, 98 50 Fed. R. Evid. Serv. 1251 (D. Mass. 1997). Therefore, even if the Government were to present evidence establishing *[Defendant's]* routine use of electronic chats, it would still fail to bring his chat transcripts within the scope of the business record exception. *See Id. See also Monotype Corp. PLC v. International Typeface Corp.,* 43 F. 3d 443, m450, 41 Fed. R. Evid. Serv. 86 (9th Cir. 1994). The Government instead must offer evidence showing that *[Defendant]* was under a business duty to communicate via electronic chats and keep records of his electronic communications. *See U.S. v. Ferber,* 996 F. Supp. 90, 99, 50 Fed. R. Evid. Serv. 1251 (D. Mass 1997).

USA. v. Reed 08-cr-40010
Defendant's 1st Motion in Limine
"CHAT EVIDENCE"
3

b. "Statements of co-conspirators are admissible under Rule 801(d)(2)(E) only if the trial court finds it 'more likely than not that the declarant and the defendant were members of a conspiracy…and that the statement was in furtherance of the conspiracy.'"*U.S. v. Portela,* 167 F. 3d 687, 702, 51 Fed. R. Evid. Serv. 500 (1st Cir. 1999) (*quoting U.S. v. Petrozziello,* 548 F.2d 20, 23, 2 Fed. R. Evid. Serv. 270 (1st Cir. 1977). This Court, therefore, should conduct a *Petrozziello* hearing to determine whether the Government "demonstrate[s] by a preponderance of the evidence falls within the purview of the rule." *U.S. Campbell,* 268 F.3d 1, 4, 57 Fed. R. Evid. Serv. 1408 (1st Cir. 2001). Moreover, in making its determination, this Court should require that the Government meet its burden by producing some evidence in addition to the contents of the electronic communications the Government is seeking to admit. *See U.S. v. Sepulveda,* 15 F.3d 1161, 1181-1182, 38 Fed. R. Evid. Serv. 1297 (1st Cir. 1993) ([The preponderance of the evidence standard for the introduction of an out-of-court statement under FRE 801(d)(2)(E).").

In this case, the Government only released numerous electronic chat transcripts in discovery to Defense counsel after receiving our notice of Alibi Defense, and none of these "new" chat transcripts occurred on any of the dates of the allegations contained in the Indictment in the above-entitled cause, while no alleged illegal photographs were exchanged by any party to these "new" chats that might have been the subject of this type of conspiracy.

USA. v. Reed 08-cr-40010
Defendant's 1st Motion in Limine
"CHAT EVIDENCE"
4

    c. The Government may not introduce these chat transcripts under the residual exception to the hearsay rule, unless there are "equivalent circumstantial guarantees of trustworthiness, " and the statement is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts. FRE 807. In this case, the Government has recently released these "new" chat transcripts wherein the vast majority of contents are discussions of the parties sexual proclivities towards homosexual practices, which is not an element of the allegations against the Defendant and their introduction would be far more prejudicial that probative of any issue before the jury in this case. If the Government nonetheless purports to offer evidence under Rule 807, this Court should require that the Government purports to offer evidence under Rule 807, this Court should require that the Government provide notice of its intent and the particulars of the statement it intends to offer. *See* FRE 807.

    d. The Court may conclude that a chat transcript, though admissible for some purposes under 801(d)(2)(a) or 803(6), may nevertheless contain statements by parties that do not fall within the scope of the aforementioned hearsay exceptions. Accordingly, any individual hearsay contained in an otherwise admissible electronic communication should be redacted prior to introduction. *See* FRE 805.

3.   *Unfair Prejudice*: Any electronic communication evidence should "be excluded if its probative value is substantially outweighed by the danger of

USA. v. Reed 08-cr-40010
Defendant's 1st Motion in Limine
"CHAT EVIDENCE"
5

unfair prejudice, confusion of the issues ...., or waste of time…"FRE 403. This unfair prejudice should be of extreme concern to all parties to this case due to Defendant's homosexual preference and the enormous societal prejudice against this "life-style" and the prevalence of negative myths about these productive members of our communities.

    WHEREFORE, the defendant requests that the Government, in seeking to admit electronic communication evidence, be required to comply with the Federal Rules of Evidence as described herein.

    Dated in Sioux Falls, South Dakota this 28th day of October, 2009.

Respectfully submitted,
Henry K Evans, P.C.
Attorney for William Robert Joseph Reed
*/S/: Henry K Evans*
Henry K Evans
Megan J. Tomjack
123 S. Main Ave Suite 206
Sioux Falls, SD 57104
(605) 367-9755 P
(605) 330-0543 F
evans.evanslaw@midconetwork.com

Imhoff & Associates, P.C.
*/S/: Henry K Evans*
*Mitchell H. Nelson*
Admitted Pro Hac Vice
123 S. Main Ave Suite 206
Sioux Falls, SD 57104
(605) 367-9755 P

USA. v. Reed 08-cr-40010
Defendant's 1st Motion in Limine
"CHAT EVIDENCE"
6

Certificate of Service

  I, Henry K Evans, state that I served a correct copy of the foregoing Defendant's Notice to Seal upon Assistant US Attorney Jeffrey C. Clapper via EFC on October 28, 2009.

            */S/: Henry K Evans*

USA. v. Reed 08-cr-40010
Defendant's 1st Motion in Limine
"CHAT EVIDENCE"
7